In the Supreme Court of Georgia

Decided: May 23, 2016

S16A0071. DARLING v. MCLAUGHLIN.

MELTON, Justice.

On May 11, 2011, Thomas Darling pled guilty to felony murder for having failed to promptly seek medical treatment for a minor child, and was sentenced to life in prison. In November 2013, Darling filed a pro se petition for habeas corpus relief challenging the voluntariness of his plea. At an evidentiary hearing held on August 27, 2014,[1] Darling's plea counsel, among other witnesses, testified. The habeas court granted the parties 60 days to file post-hearing briefs, and on October 20, 2014, Terry J. Marlowe entered an appearance as counsel for Darling. On November 3, 2014, Marlowe filed on Darling's behalf a motion to dismiss Darling's pro se petition without prejudice, pursuant to OCGA § 9-11-41 (a) (2) ("Except as provided in paragraph (1) of this subsection, an action shall not be dismissed upon the plaintiff's motion

_____

[1] Due to scrivener's error, the face of the transcript states that the date was August 26, 2014.

except upon order of the court and upon the terms and conditions as the court deems proper"). In the motion, Marlowe claimed that testimony at the evidentiary hearing revealed that plea counsel coerced Darling's plea by misrepresenting the date at which Darling would become parole eligible. In response to this motion, the Warden relied on OCGA § 9-11-41 (a) (1), which allows a plaintiff to voluntarily dismiss his or her case "[b]y filing a written notice of dismissal at any time before the first witness is sworn; or . . . [b]y filing a stipulation of dismissal signed by all parties who have appeared in the action." Relying solely on OCGA § 9-11-41(a) (1) in its order, the habeas court denied Darling's motion, finding that witnesses had been sworn and had provided testimony at the evidentiary hearing, and that the Warden had not agreed to dismissal.

This Court granted Darling's application for a Certificate of Probable Cause to appeal to determine whether the habeas court abused its discretion by relying on OCGA § 9-11-41(a) (1) to deny Darling's motion to dismiss when the motion to dismiss was made pursuant to OCGA § 9-11-41(a) (2). For the reasons that follow, we must vacate the habeas court's order and remand this case to the habeas court for consideration of Darling's motion to dismiss

pursuant to the terms of OCGA § 9-11-41 (a) (2).

By its plain terms, OCGA § 9-11-41 provides three distinct methods by which a plaintiff may voluntarily dismiss his or her case without prejudice. The first two methods are provided in OCGA § 9-11-41 (a) (1), which states:

> Subject to the provisions of subsection (e) of Code Section 9-11-23 [dismissal of class actions], Code Section 9-11-66 [dismissals in actions where a receiver has been appointed], and any statute, an action may be dismissed by the plaintiff, without order or permission of court: (A) By filing a written notice of dismissal at any time before the first witness is sworn; or (B) By filing a stipulation of dismissal signed by all parties who have appeared in the action.

However subsection (a) (1) does not provide the only means by which an action may be voluntarily dismissed under OCGA § 9-11-41. A third method is provided in subsection (a) (2) of the statute:

> Except as provided in paragraph (1) of this subsection, an action shall not be dismissed upon the plaintiff's motion except upon order of the court and upon the terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon him or her of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court.

Reading these two provisions together, where, as here, the case does not involve a class action, an appointed receiver, another statute that provides otherwise, or

3

a counterclaim pleaded by a defendant prior to that defendant being served with the plaintiff's motion to dismiss, a plaintiff may voluntarily dismiss his or her case without prejudice (1) by filing a notice of dismissal at any time before the first witness is sworn; (2) by stipulation of the parties; or, when the first two methods are unavailable, (3) "upon order of the court and upon the terms and conditions as the court deems proper." See OCGA §§ 9-11-41 (a) (1) and (a) (2).

In the instant case, because witnesses had already been sworn at the hearing on Darling's pro se petition for habeas corpus relief, and because the parties had not stipulated to the voluntary dismissal of Darling's case, the means of voluntary dismissal described in OCGA § 9-11-41 (a) (1) were unavailable to him. However, this did not foreclose Darling from seeking to voluntarily dismiss his petition pursuant to the terms of OCGA § 9-11-41 (a) (2), which is exactly what he did. Because the habeas court only considered the factors outlined in OCGA § 9-11-41 (a) (1) to determine whether Darling's voluntary dismissal was proper, however, it did not analyze whether voluntary dismissal might otherwise be available "upon order of the court and upon the terms and conditions as the court deems proper" pursuant to OCGA § 9-11-41 (a) (2). Accordingly, we must vacate the habeas court's order denying Darling's motion

4

to voluntarily dismiss his case and remand this case to the habeas court for a proper consideration of the motion under the terms of OCGA § 9-11-41 (a) (2).

Judgment vacated and case remanded with direction. All the Justices concur.